IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50252
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLUBANJI MILTON MACAULAY, also known as Benji Macauley, also
known as Reginald Eugene Harris,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-368-ALL-EP
--------------------
November 22, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Olubanji Macaulay appeals his conviction for perjury and
making false assertions of American citizenship. See 8 U.S.C.
§ 1357; 18 U.S.C. § 911. His sole issue on appeal is that the
district court abused its discretion by admitting an exhibit
containing German documents that Macaulay asserts were
inadmissible hearsay.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The exhibit, consisting of records related to Macaulay's attempt to obtain political asylum in Germany, contained admissions by Macaulay that he was a Nigerian citizen by birth. The exhibit was admissible under the hearsay exception of FED. R. EVID. 803(8)(A) for authenticated official or public documents. Macaulay's statements of Nigerian citizenship within the exhibit were not hearsay because they were Macaulay's admissions. See FED. R. EVID. 801(d)(2). Any error in admitting other parts of the exhibit was harmless because those parts were merely cumulative of properly admitted evidence or so irrelevant as to be innocuous. See United States v. Sotelo, 97 F.3d 782, 798 (5th Cir. 1996); United States v. Bruno, 809 F.2d 1097, 1106 (5th Cir. 1987) (admission harmless where "evidence was innocuous and added nothing to the government's case").

The judgment of the district court is AFFIRMED.